UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDERICK BANKS,**<br><br>Plaintiff,<br><br>v.<br><br>**JORDAN CISCO,** *et al.***,**<br><br>Defendants. | Case No. 25–cv–19020–ESK–MJS<br><br>OPINION |

**KIEL, U.S.D.J.**

Plaintiff Frederick Banks, a prisoner detained in FCI Fort Dix, New Jersey, submitted a Complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Complaint). (ECF No. 1.) Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Plaintiff seeks permission to proceed *in forma pauperis* (Application). (ECF No. 1–1.)

The Prison Litigation Reform Act (PLRA) amended § 1915 and established certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.[1] The PLRA contains a "three strikes" provision that "prevents a prisoner from suing *in forma pauperis*—that is, without first paying the filing fee—if three or more civil actions or appeals filed by the prisoner have previously been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner

---

[1] "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

is under imminent danger of serious physical injury." *Garrett v. Murphy*, 17 F.4th 419, 425 (3d Cir. 2021) (cleaned up) (citing 28 U.S.C. § 1915(g)).

Plaintiff has had at least three qualifying dismissals: *Banks v. U.S. Marshal*, 274 F. App'x 631, 635 (10th Cir. 2008) (dismissing two appeals, Nos. 07–06191 and 07–06230, as frivolous); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 585 (W.D. Pa. 2008) (granting motion to dismiss for failure to state a claim); *see also In re Banks*, 450 F. App'x 155, 157 n. 1 (3d Cir. 2011) (noting plaintiff is "a three-strikes litigant.") Therefore, he may not proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff alleges that defendant Jordan Cisco, a corrections officer, violated his First, Fourth, and Fifth Amendment rights when Cisco looked over the top of plaintiff's toilet stall. (ECF No. 1 p. 2.) Plaintiff also alleges that Cisco fabricated a disciplinary report accusing plaintiff of having contraband to retaliate against plaintiff for objecting to Cisco's behavior in the bathroom. (*Id.* p. 3.) He asserts Cisco's actions caused him "emotional distress, humiliation, anxiety, fear of further retaliation, damage to his institutional record, and exposure to loss of liberty interests." (*Id.*)

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "[t]o fulfill the 'imminent danger' requirements, [plaintiff] must demonstrate an adequate nexus between the claims" in the complaint "and the 'imminent danger [he]

2

alleges.'"  *Ball v. Hummel*, 577 F. App'x 96, 96 n. 1 (3d Cir. 2014) (per curiam) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

Plaintiff's Complaint concerns past actions and has no facts that suggest plaintiff will be in imminent danger of serious physical injury if he is not permitted to proceed *in forma pauperis*. Therefore, plaintiff's Application is denied pursuant to 28 U.S.C. § 1915(g).

The Clerk shall be ordered to administratively terminate the case without filing the Complaint. Plaintiff must pay the $405 filing and administrative fees before the Complaint may be filed. The Clerk will be directed to reopen the matter once plaintiff pays the filing fee.

An appropriate Order accompanies this Opinion.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: December 30, 2025