UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDERICK BANKS,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**JORDAN CISCO,** *et al.***,**<br><br>　　　　**Defendants.** | Case No. 25–cv–19020–ESK–MJS<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　Plaintiff Frederick Banks, a prisoner detained in FCI Fort Dix, New Jersey, submitted a Complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Complaint). (ECF No. 1.) He also sought permission to proceed *in forma pauperis* (Application). (ECF No. 1–1.)

　　I denied the Application on December 30, 2025 after concluding that plaintiff was subject to the Prison Litigation Reform Act's (PLRA) "three strikes" provision. (ECF No. 4.) Plaintiff now moves for reconsideration of that order (Motion). (ECF No. 5.)

　　Motions for reconsideration are governed within this District by Local Civil Rule 7.1(i). *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). "A brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked shall be filed with" the notice of motion for reconsideration. L. Civ. R. 7.1(i). Relief under Local Civil Rule 7.1(i) "is an extraordinary remedy that is granted 'very sparingly.'" *Rich*, 294 F. Supp. 3d at 272 (quoting L. Civ. R. 7.1(i) cmt. 6(d)). To prevail, the movant must present "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Id.* (alteration in original) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A court "will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

Plaintiff argues "[r]econsideration is warranted because the Court overlooked controlling principles of statutory construction and material facts demonstrating that the Prison Litigation Reform Act does not apply to plaintiff" because he is an American Indian and has not been continuously incarcerated. (ECF No. 5 pp. 1, 2.) He also disputes that he has at least three qualifying dismissals. (*Id.* p. 3.)

None of plaintiff's arguments warrant reconsideration. The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is a person who is serving a sentence in federal prison. (ECF No. 1 p. 1.) Therefore, the statute applies to him.

It is irrelevant for PLRA purposes that plaintiff has not been continuously incarcerated. The applicability of the PLRA's three strikes provision is determined by the date plaintiff filed the Complaint and Application. *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 149 n. 8 (3d Cir. 2017). Plaintiff was incarcerated at the time of filing, so he is subject to the PLRA's restrictions. Furthermore, "[t]he 'three strikes' provision was 'designed to filter out the bad claims and facilitate consideration of the good.'" *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Allowing prisoners to "reset" their three strikes after release and reincarceration would not serve this purpose.

3

Plaintiff has had at least three qualifying dismissals: *Banks v. U.S. Marshal*, 274 F. App'x 631, 635 (10th Cir. 2008) (dismissing two appeals, Nos. 07–06191 and 07–06230, as frivolous); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 585 (W.D. Pa. 2008) (granting motion to dismiss for failure to state a claim); *see also In re Banks*, 450 F. App'x 155, 157 n. 1 (3d Cir. 2011) (noting plaintiff is "a three-strikes litigant.")   Plaintiff was a prisoner proceeding *in forma pauperis* for each matter, and the appeals and complaint were dismissed for qualifying reasons.

Therefore, I will deny the Motion.  An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated:  February 6, 2026